NR:RTP/MCM
F. #2016R02061

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

TARA LENICH,

Defendant.

- - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 23 2017 ★
BROOKLYN OFFICE

INDICTMENT

CR 17 - 00154

(T. 18, U.S.C., §§ 2511(1)(a), 2511(4)(a),
2513 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

KUNTZ, J.
LEVY, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

At all times relevant to this Indictment, unless otherwise indicated:

I.  The Kings County District Attorney's Office

1.  The Kings County District Attorney's Office, also known as the Brooklyn District Attorney's Office (the "KCDA"), was a government agency responsible for investigating and prosecuting New York state and local criminal offenses in the borough of Brooklyn, New York. Assistant District Attorneys ("ADAs") at the KCDA were responsible for investigating and prosecuting such criminal offenses.

II. Procedures For Gathering Certain Evidence

2.  In order to investigate and prosecute such criminal offenses, ADAs had authority to gather evidence in a variety of ways. For example, ADAs were authorized by law to apply for orders and warrants to be issued by a judge of a competent court, such as justices of the New York State Supreme Court, to search electronic media stored by a

telecommunications provider, or to intercept oral or electronic communications transmitted to and from particular telephones. To obtain such orders and warrants, ADAs were authorized to submit applications to judges that included sworn affidavits from law enforcement personnel. If a judge considering such an application was satisfied that the application met the relevant legal standard, the judge issued a search warrant and written order authorizing the search or interception, which the ADA or other KCDA staff served on the telecommunications provider by facsimile or other similar method.

3. ADAs also gathered evidence by issuing, in the name of a sitting grand jury, subpoenas for stored records. ADAs often issued such grand jury subpoenas to telecommunications providers for stored records pertaining to particular subscribers. ADAs were permitted to issue a grand jury subpoena if the ADA had a good faith basis to believe that the information sought by the subpoena was relevant to a criminal investigation the ADA was conducting.

4. As ADAs understood, state and federal law imposed rules governing the acquisition of such evidence and the use of such evidence-gathering techniques. As ADAs also understood, they held a position of public trust that required them to follow these laws.

III. The Defendant's Scheme to Illegally Eavesdrop

5. The defendant TARA LENICH was employed as an ADA in the KCDA. As part of her job responsibilities at the KCDA, LENICH was responsible for supervising other ADAs.

2

A.   Cellular Telephone 1

6.   In or about and between June 2015 and December 2015, the defendant TARA LENICH forged the signatures of various New York State Supreme Court Justices on documents that purported to be judicially authorized orders. These forged orders purported to authorize the KCDA and other law enforcement agencies to intercept and record the oral and electronic communications transmitted to and from a particular cellular telephone line, the assigned number and subscriber information of which is known to the Grand Jury ("Cellular Telephone 1").

7.   To accomplish this forgery, the defendant TARA LENICH physically cut a copy of each such judge's signature from a legitimate document and taped the signature onto the fraudulent documents she had created. In fact, LENICH never submitted to any judge any application for permission to intercept communications transmitted to and from Cellular Telephone 1, and LENICH was not authorized by the KCDA to conduct any investigation involving such communications.

8.   The defendant TARA LENICH transmitted and caused to be transmitted the forged orders that she created to the telecommunications company servicing Cellular Telephone 1 ("Provider 1"). Each such forged judicial order purported to authorize law enforcement officials to intercept and record the oral and electronic communications transmitted to and from Cellular Telephone 1 for a period of 30 days. At the end of one or more 30-day periods, LENICH created and submitted an additional forged order that purported to authorize the continued interception and recording of the communications transmitted to and from Cellular Telephone 1 for an additional 30 days. In total, LENICH

4

created and submitted to Provider 1 seven forged judicial orders to intercept the oral and electronic communications transmitted to and from Cellular Telephone 1.

9. After the defendant TARA LENICH submitted these fraudulent judicial orders to Provider 1, LENICH misappropriated KCDA equipment and facilities in order to illegally intercept and record the oral and electronic communications transmitted to and from Cellular Telephone 1, and did illegally intercept, eavesdrop on and record such communications.

10. Also as part of her illegal eavesdropping scheme, in or about and between May 2015 and November 2016, the defendant TARA LENICH created and submitted to Provider 1 forged search warrants authorizing the seizure of text messages transmitted to and from Cellular Telephone 1.

B. <u>Cellular Telephone 2</u>

11. In or about and between August 2015 and November 27, 2016, the defendant TARA LENICH also created another series of similar forged judicial orders, which she transmitted and caused to be transmitted to the telecommunications company ("Provider 2") servicing another cellular telephone line, the assigned number and subscriber information of which is known to the Grand Jury ("Cellular Telephone 2"). Each such forged judicial order purported to authorize law enforcement officials to intercept and record the oral and electronic communications occurring over Cellular Telephone 2 for a period of 30 days. In total, LENICH created and submitted to Provider 2 17 forged judicial orders to intercept the oral and electronic communications transmitted to and from Cellular Telephone 2. In fact, LENICH never submitted to any judge any application for permission to intercept

5

communications transmitted to and from Cellular Telephone 2, and LENICH was not authorized by the KCDA to conduct any investigation involving such communications.

12. After the defendant TARA LENICH submitted these fraudulent judicial orders to Provider 2, LENICH misappropriated KCDA equipment and facilities in order to illegally intercept and record the oral and electronic communications transmitted to and from Cellular Telephone 2, and did illegally intercept, eavesdrop on and record such communications.

C. Preventing Detection of the Scheme

13. To avoid having her illegal eavesdropping scheme discovered, the defendant TARA LENICH lied to other KCDA employees. Specifically, LENICH informed them that she was intercepting the communications over Cellular Telephone 1 and Cellular Telephone 2 as part of a confidential law enforcement investigation that she was conducting, and instructed them not to listen to, read or otherwise review the communications transmitted to and from Cellular Telephone 1 or Cellular Telephone 2.

D. Unlawful Grand Jury Subpoenas

14. In or about and between June 2015 and November 27, 2016, the defendant TARA LENICH also created and submitted several grand jury subpoenas to telecommunication providers seeking subscriber information for some of the telephone numbers that communicated with Cellular Telephone 1 and Cellular Telephone 2 during the period LENICH was illegally eavesdropping on them. LENICH did not have a good faith

6

basis to believe that the information that she would obtain via these subpoenas was relevant to any ongoing criminal investigation.

## COUNT ONE
(Illegal Interception of Communications – Cellular Telephone 1)

15. The allegations contained in paragraphs one through 14 are realleged and incorporated as if set forth fully in this paragraph.

16. In or about and between June 2015 and January 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TARA LENICH, without lawful authorization, knowingly and intentionally intercepted, endeavored to intercept and procured another person to intercept and endeavor to intercept the wire, oral and electronic communications of others, to wit: oral and electronic communications transmitted to and from Cellular Telephone 1.

(Title 18, United States Code, Sections 2511(1)(a), 2511(4)(a) and 3551 et seq.)

## COUNT TWO
(Illegal Interception of Communications – Cellular Telephone 2)

17. The allegations contained in paragraphs one through 14 are realleged and incorporated as if set forth fully in this paragraph.

18. In or about and between August 2015 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TARA LENICH, without lawful authorization, knowingly and intentionally intercepted, endeavored to intercept and procured another person to intercept and endeavor to

intercept the wire, oral and electronic communications of others, to wit: oral and electronic communications transmitted to and from Cellular Telephone 2.

(Title 18, United States Code, Sections 2511(1)(a), 2511(4)(a) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

19. The United States hereby gives notice to the defendant that, upon her conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2513 and Title 28, United States Code, Section 2461(c), of any electronic, mechanical, or other device used, sent, carried, manufactured, assembled, possessed, sold, or advertised in violation of Title 18, United States Code, Section 2511(1)(a).

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

8

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2513; Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

TARA LENICH,

Defendant.

# INDICTMENT

T. 18, U.S.C., §§ 2511(1)(a), 2511(4)(a), 2513 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____  /s/ _____
                                                Foreperson

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
                                                    Clerk

Bail, $ _____

_____

*Maria Cruz Melendez, Assistant U.S. Attorney (718) 254-6408*